IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **TCP INVESTMENTS, LLC**, a California corporation,<br><br>           Plaintiff,<br><br>      v.<br><br>**ANDRE NIRI dba US ART FACTORY**, an individual,<br><br>           Defendant. | Civil Case No. ___<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff TCP INVESTMENTS, LLC, by and through its counsel, alleges for its complaint against defendant ANDRE NIRI dba US ART FACTORY as follows:

## NATURE OF THE ACTION

1.     This is an action for trademark infringement, false designation of origin, and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq*. and state and common law unfair competition.

## THE PARTIES

2.     Plaintiff TCP INVESTMENTS, LLC (hereinafter "TCP") is a California corporation with an address at 9282 Miramar Rd., San Diego, CA 92126.

3.     On information and belief, defendant Andre Niri dba US Art Factory ("US Art Factory") is an individual having a principle place of business at: Trolley Square, Suite 20C, Wilmington, Delaware, 19806.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1338 because the action arises under the trademark laws of the United States and pendant jurisdiction of any and all state causes of action under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over defendant because defendant transacts business in the District of Delaware. Further, on information and belief, the defendant systematically and continuously direct business activities toward and into the District of Delaware.

6. Venue is proper and reasonable in this district under 28 U.S.C. § 1391 because defendant resides in the district and a substantial part of the events or omissions giving rise to this claim for false designation of origin and unfair competition occurred in this district and defendant has significant contacts with the district.

## GENERAL ALLEGATIONS

7. Plaintiff TCP is a corporation providing goods and services in the art industry.

8. Plaintiff is the owner of the trademark and designation U.S. ART SUPPLY (the "U.S. ART SUPPLY Trademark"), which is used in conjunction with travel industry services such as booking and guiding tours. An exemplary use of the U.S. ART SUPPLY Trademark is shown in **Exhibit A** attached hereto. TCP began using the U.S. ART SUPPLY Trademark in interstate commerce as a source designator at least as early as 2009. As such, it has established priority of use. The U.S. ART SUPPLY Trademark is inherently distinctive and recognized by the relevant consuming public as plaintiff's marks.

9. Plaintiff is also the owner of U.S. Trademark Reg. Nos. 5,176,479 and 4,402,890 for U.S. ART SUPPLY and U.S. ART SUPPLY(+Design), respectively. True and correct copies of Plaintiff's trademark registrations are attached hereto as **Exhibit B**.

10. Plaintiff sells multiple goods and services in association with the U.S. ART SUPPLY Trademark online, including without limitation, artist's materials. TCP has used the trademark prominently in interstate commerce and advertising since at least as early as 2009.

11. Defendant US ART FACTORY also sells artist's goods and services. Defendant

sells products similar and related to plaintiff's products online at USArtFactory.com.  An exemplary use of the infringing US ART FACTORY Trademark is shown in **Exhibit C** attached hereto.

12.	As a result, on information and belief, defendant's customers purchase goods and services believing defendant is related to, or affiliated with, plaintiff.

13.	On information and belief, defendant has adopted the designation US ART FACTORY in a willful attempt to piggyback off of plaintiff's goodwill and reputation in the art industry, and to divert business away from plaintiff and to defendant.  Attached hereto as **Exhibit D** is a letter sent by plaintiff to defendant giving notice of plaintiff's trademark rights

14.	Plaintiff invests substantial sums in producing its goods and in marketing the US ART SUPPLY Trademark.  US ART SUPPLY has established substantial goodwill and brand recognition with the consuming public.

15.	Defendant's use of the US ART FACTORY Trademark is likely to cause confusion among consumers who expect to receive goods and services and receive defendant's goods and services.

16.	Plaintiff has been irreparably harmed and has suffered economic loss as well as the loss of goodwill from defendant's unlawful and willful acts.  Because damages will constitute an insufficient remedy, plaintiff requires equitable relief in the form of a permanent injunction restraining defendant's continued activity regarding the US ART FACTORY source designation.

## CLAIMS OF RELIEF

### First Claim for Relief

**(Trademark Infringement - 15 U.S.C. § 1114)**

17.	Plaintiff repeats and incorporates by reference the statement and allegations in paragraphs 1 to 16 of the complaint as though fully set forth herein.

18.	 Defendant's use of plaintiff's trademark has caused and is likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of plaintiff's services/goods.

19. On information and belief, defendant willfully and intentionally adopted and used a trademark confusingly similar to plaintiff's U.S. ART SUPPLY Trademark to steal plaintiff's goodwill.

20. By reason of the foregoing unlawful acts recited in the above paragraphs, plaintiff has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this court against defendant.

**Second Claim for Relief**

**(False Designation of Origin – 15 U.S.C. § 1125)**

21. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 20 of the complaint as though fully set forth herein.

22. On information and belief, defendant willfully and intentionally adopted and used marks confusingly similar to plaintiff's U.S. ART SUPPLY Trademark to steal plaintiff's goodwill.

23. Additionally, defendant has caused or is likely to have caused confusion and reverse confusion amongst consumers as to the quality and source of plaintiff's products.

24. By reason of the foregoing and upon information and belief, defendant has violated Section 43 of the Lanham Act (15 U.S.C. § 1125(a)) by using, in connection with its goods and advertisements, false designations of origin which are likely to cause confusion or cause mistake or to deceive as to the affiliation, connection, or association of Plaintiff with defendant and as to the origin, sponsorship, or approval of defendant's goods and commercial activities.

25. By reason of the foregoing unlawful acts recited in the above paragraphs, Plaintiff has been irreparably harmed and will continue to suffer damage until an appropriate injunction and damage award, including increased treble damages and attorneys' fees, are imposed by this Court against defendant.

### Third Claim for Relief

### (Common Law Unfair Competition)

26.    Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 25 the complaint as though fully set forth herein.

27.    Defendant's acts, as set forth above, constitute unfair competition as defined under California common law, all to the damage of plaintiff as previously alleged.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that this Court grant judgment against defendant for the following:

A.    Defendant, its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be temporarily restrained, and preliminarily and permanently enjoined from:

  i.    infringing plaintiff's trademark and designation;
  ii.   competing unfairly with plaintiff in any manner, including infringing any of plaintiff's trademark rights; and
  iii.  conspiring, encouraging, inducing, allowing, abetting, or assisting others in performing any of the activities referred to in subparagraphs (i) - (ii) above.

B.    Defendant shall file with the Court and serve on plaintiff, within 30 days after the entry and service on defendant of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which defendant have complied with the provisions of subparagraphs (A) above.

C.    Plaintiff recovers all damages it has sustained as a result of defendant's infringement, false designation of origin, and unfair competition.

D.    Plaintiff be awarded defendant's profits, corrective advertising damages and enhanced damages.

E.    Plaintiff be awarded its reasonable attorneys' fees for prosecuting this action.

F.    Plaintiff recovers its costs of this action and pre-judgment and post-judgment

  interest, to the full extent allowed by law.

G. Plaintiff be awarded treble damages pursuant to 15 U.S.C. § 1117 or any other relevant statute.

H. Plaintiff be awarded exemplary damages pursuant to any relevant statute.

I. Plaintiff receive all other relief the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by a jury on its claims herein and all issues and claims so triable in this action.

                 Respectfully submitted,

Dated: May 16, 2018

Of Counsel:

Ben T. Lila (SBN 246808)
MANDOUR & ASSOCIATES, APC
8605 Santa Monica Blvd. Suite 1500
Los Angeles, CA 90069
Telephone: (858) 487-9300
Email: blila@mandourlaw.com

*/s/ George Pazuniak*
George Pazuniak (DE No. 478)
O'KELLY ERNST & JOYCE, LLC
901 N. Market Street, Suite 1000
Wilmington, Delaware 19801
(302) 478-4230 / 778-4000
(302) 295-2873 (facsimile)
gp@del-iplaw.com

*Attorneys for the Plaintiff TCP INVESTMENTS, LLC*